# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH T WILMAS JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:07CV52 JCH |
| | ) | |
| MATT BLUNT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint and finds that it should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs Ralph Wilmas Jr., Ricky Rollins, Al Mason, Cornelius Williams Jr., Henry French, and John Doe are prisoners at Northeast Correctional Center. Named as defendants are Matt Blunt (Governor), Steve Long (Chairman, Missouri Board of Probation and Parole), Wayne Crump (Parole Board Member), Ansel Card (same), Penny Hubbard (same), Robert Robinson (same), Reid Forrester (same), "All Present and Future Parole Board Chairmans and Parole Board Members," Unknown Avery (Institutional Parole Officer, NECC), Unknown Helkey (same), Unknown Weatherford (same), Unknown Woods (same), and "All Present Statewide Institutional Parole Officers and All Statewide Future Parole Officers." The complaint seeks declaratory, injunctive, and monetary relief.

Plaintiffs allege that Governor Blunt has instituted an unwritten policy in which he has directed the Missouri Board of Probation and Parole (the "Board") to deny parole to violent offenders. Specifically, plaintiffs contend that the Board will not grant parole status to any offender convicted of 2nd degree homicide or a Class A or B violent crime. Plaintiffs claim that the Board, in following the Governor's policy, is not in compliance with Missouri's parole statutes. Plaintiffs allege that each of them have been denied parole due to this policy. Plaintiffs argue that the denial of parole violates the Due Process Clause.

Plaintiffs seek to bring this case as a class action. Additionally, several other inmates have filed motions to intervene pursuant to Fed. R. Civ. P. 24(b).

**Discussion**

At the outset, the Court notes that plaintiffs may not maintain a class action case before this Court. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence

unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Heck precludes a § 1983 action which would impliedly invalidate a denial of parole as challenge to duration of confinement. Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam). Plaintiffs have not alleged that any of the decisions regarding their parole status have been reversed, expunged, set aside or called into question. As a result, plaintiffs may not recover damages or declaratory relief. This is not dispositive to this action, however, because plaintiffs seek future injunctive relief as well as damages.

"[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)). As a result, plaintiffs' claims relating to the Missouri parole statutes and their liberty interests fail to state a claim upon which relief can be granted.

Finally, even assuming the existence of an unwritten, blanket policy to deny parole to all violent offenders in Missouri, plaintiffs have not stated a due process

claim. Mathie v. Dennison, 2007 U.S. Dist. LEXIS 60422 *17-18 (S.D.N.Y. 2007). A prison official's discretion must be exercised without "arbitrariness or caprice." Stewart v. Davies, 954 F.2d 515, 516 (8th Cir. 1992). A policy of withholding parole status for the most violent offenders in the prison system is not arbitrary or capricious. Instead, the goal of the policy is rational: to keep the most dangerous offenders off of the street and therefore increase public safety. Mathie, 2007 U.S. Dist. LEXIS 60422 at *20.

The Court recognizes that petitioners urge the Court to follow Graziano v. Pataki, 2006 U.S. Dist. LEXIS 52556, 2006 WL 2023082 (S.D.N.Y. 2006), in which the court found that an unofficial policy of denying parole to all violent felons may violate due process. The Graziano opinion, however, is unpersuasive and is recognized as such by the other courts in its district. Mathie, 2007 U.S. Dist. LEXIS 60422 at *20, n. 4.

For each of the above reasons, plaintiffs' complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A(b).

**IT IS HEREBY ORDERED** that all pending motions are **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th Day of December, 2007.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE