UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RALPH T. WILMAS, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:07-CV-0052 JCH |
| ) | |
| MATT BLUNT, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Ralph T. Wilmas's filing of a notice of appeal [Doc. #12]. On November 15, 2007, plaintiff paid the $350 filing fee and the Court filed the complaint.[1] On December 10, 2007, this Court dismissed the complaint pursuant to 28 U.S.C. § 1915A. On January 2, 2008, plaintiff filed the instant notice of appeal. Plaintiff has submitted neither the $455 filing and docketing fee for filing an appeal nor a motion for leave to proceed in forma pauperis with a certified copy of his inmate account statement. Therefore, the Court will assess plaintiff the full $455 appellate filing fee.[2]

---

[1] Additional plaintiffs to this lawsuit are Ricky Rollins, Al Mason, Cormelius Williams, Jr., Henry French, Lonnie Wolford, Alvin Dudley and Samuel Smith.

[2] The Court notes that even if plaintiff had requested leave to proceed in forma pauperis on appeal, the Court would have certified that this appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3), and ordered him to pay the full $455 appellate filing fee.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that within thirty (30) days from the date of this order, plaintiff shall pay to this Court the full $455 filing and docketing fees for filing an appeal.[3]

**IT IS FURTHER ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

Dated this <u>8th</u> day of January, 2008.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

---

[3]Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison identification number; (3) the case number; and (4) that the remittance is for the appeal of the instant action.